ROANE, Judge.
This is a writ of right, for 1120 acres of land on the South branch of Potowmack; The count and plea are both conformable to the act of 1786, and both describe the tract, as comprehended within the same boundaries. At the 'trial of the cause, two exceptions were taken *by the demandants: 1. To the admission of testimony going to shew the non identity of the land possessed by the tenants, with relation to that described in the count and plea. 2. To the decision of the Court refusing to compel the tenants, to join in a demurrer tendered' by the de-mandants. In support of this last decision, two grounds were stated by the tenants counsel. 1. That the demurrant had also inserted, in his demurrer, his own testimony. 2. That the facts, to which the evidence related, contained matter proper for the consideration of the jury. The judgment of the County Court was reversed by the judgment of the District Court, '“for that, as they aliedge, the Court below ought not to have admitted the evidence stated on the part of the tenants, as mentioned in the demurrants bill of exceptions, to have gone as evidence to the jury; and in not receiving the demurrer to evidence.”
The rectitude, of this opinion of the District Court, is now to be discussed; and I will first consider the case, on the second bill of exceptions, relative ' to the demurrer to evidence.
As to the first objection stated by ' the tenants ; to the reception of the demurrer,-1 shall only say, that in the case of Hyers v. Green, this Court were of opinion, on consideration of the case of Hoyle v. Young, 1 Wash. 150, and other authorities, that the plaintiff ought, especially in a writ ■ of right, also to set out his own evidence ; and in that case, justified the rejection of the demurrer, on the ground, that the de-murrant had not stated a title to recover, in respect of his own identity. This objection does not hold in the present case, for the identity of the demandant is fully manifested. I am not certain, whether the Court, in Green v. Hyers, considered the ground of the second objection, although the demurrers, in the two cases, are in that respect, substantially alike. But I take the rule to be, that although a Court ought to award a joinder in demurrer, where the ^evidence demurred to' is in writing,' or, being parol, is explicit, and will not admit of variance', yet that, where the parol testimony is loose, indeterminate, and circumstantial, the party offering it, shall not be compelled to join in demurrer, unless the party demurring will distinctly admit every fact and conclusion, which such evidence, or circumstances, may conduce to prove. In support of this distinction, T beg leave to refer to 5 Bac. abr. (new edit.) 467, and the authorities there cited; and to say that the evidence in question, in this case, respecting the boundaries of the land, and the understanding of the country, relative to the description of the river, is entirely of this latter description, being both loose and circumstantial. The demurrer to evidence, therefore, may be thrown out of the case.
The only remaining point to be considered arises out of the first bill of exceptions ; and is simply, whether, upon the mise being joined according to the form prescribed by the act of Assembly, evidence, going to shew a non tenure of the lands stated in the pleadings, be admissible?
The act of 1786, concerning writs of right, prescribes the manner in which demurrants shall count. It also prescribes a general mode in which the tenant may plead. I think it is not only inferrable, from the various use of the words shall and may, but from the actual existence, at' that time, of the act of 22 Geb. 2, ch. 1 (since re-enacted) authorizing a plea of non tenure in abatement, that the general plea, prescribed by the'act of 1786, is concurrent and not exclusive.
Nor- will the inconveniences result, which the appellees counsel' apprehended; and which he stated would arise, from the different judgments, prescribed by the common .law, in the case 'of -non tenure being pleaded, and the mise being joined. If non tenure be now pleaded, the Court will give such judgment, thereupon, as the common law requires: But if it be given in evidence, and the jury find a i;'special verdict, affirming such evidence, the Court will give a similar judgment. If, however, such evidence be given, and yet a general verdict be rendered upon the right, such verdict is a negative of that-evidence; and decides the right: In which case, a judgment, corresponding with the-verdict, ought to be rendered.
For these reasons, I think the judgment of the County Court was correct; and that the judgment of” the District Court, reversing' that judgment, ought to be reversed.
FLEMING, Judge.
This is an appeal from a judgment of the District Court, reversing a judgment of the County Court, rendered in favor of the appellants in this Court; and the reasons, given by the District Court, are, 1. That the County Court permitted evidence to be given to the jury, that the tenants were not in possession of the lands demanded, when the mise had been joined, between the parties, upon the mere right. 2. That the County Court did not compel the tenants to join in the demurrer to the evidence, which was tendered by the demandant.
*414 As to the first: The Legislature of this country, in order to simplify the pleadings; expedite the trials; and prevent unnecessary delays in writs of right, have taken away the views and other delatories, and obliged the tenant to plead the general issue, and put himself upon the assize; allowing him to give any matter in evidence, at the trial of the cause, which might have been specifically pleaded. This latter provision appears to have been made, in order to reserve to him the benefits, to which he would have been entitled by the common law proceedings; and therefore he ought not to be deprived of them by argument's drawn from the common law, before the mode of proceeding was changed bythe act of Assembly.
But it is objected by the counsel for the appellants, that the act of Assembly does not oblige the ^tenant to put himself upon the assize; for, by using the word may, they leave it optional in him, to put in the plea prescribed by the act, or to plead any matter specially, according to the course of the common law. Such a construction, however, would render the act a dead letter; for the tenant might, at common law, have joined the mise upon the mere right, and put himself upon the assize, without the aid of a statute,- to enable him to do it. This shews that a change in the proceedings was contemplated; and that the word may was intended to be compulsory. In other words it was not intended, that it should be left to the tenants option, what he would plead, but the meaning was, that he should be obliged to use the plea prescribed by the act: However, in order to prevent his sustaining any prejudice thereby, he is allowed to give any matter, in evidence, which he might have specially pleaded. By this means, the proceedings are simplified, and delays prevented, without any injury to the party: Which was the great desideratum, and what the statute was designed to effect. Consequently, it would be thwarting the will of the Legislature, and defeating the end of the act of Assembly, if we were to throw the party back again upon the technical rules of the common law; which the statute was made to correct.
I am therefore clearly of opinion, that the County Court very properly permitted the evidence of non tenure to be given to the jury; and consequently that the opinion of the District Court upon that point was erroneous. k
With respect to the second point relative to the demurrer to the evidence: After the County Court had permitted the evidence to go to the jury, the cause rested on a single point; namely, whether the lands in possession of the tenants were the same, with that claimed by the demandant in his count? This was a mere fact, proper for the consideration of the jury upon the evidence; and ^therefore I think the County Court very properly left it to their decision.
The result is, that I am of opinion, the judgment of the District Court was erroneous upon both grounds; and therefore, that it ought to be reversed, and the judgment of the County Court affirmed.
LYONS, Judge.
The demurrer, after stating the titles and claims of all the parties, reduces the question to a single fact; that is to say, whether the land claimed by the demandant, and in possession of the tenants, is within the bounds of the patent granted, to Robert Green, in the year 1746, for 1120 acres, in the county of Augusta? Or in other words, whether it is the same land, which was surveyed for, and granted, to Robert Green by that patent? This was a simple question of fact; which a jury alone could, and ought to have determined. Therefore I think, the County Court, very ■properly left it to their decision.
But it is objected, that the tenants, not having plead non tenure in abatement, were precluded from giving it in evidence, or in any manner questioning the identity of the land. Suppose that position, were to be granted, could the demandant recover without shewing some title? After offering, in his count, proof of his right, has he produced it, or shewn any title, to the land which he has surveyed in possession of the tenants? That land lies on the South side of the South fork of the South branch; and not on the South side of the North fork, as his patent calls for, and states the land he claims to lie. Then is it just, or can it be law,' that after an issue is joined on the mere right, that the claimant shall recover land to which he shews no right, merely because the tenant cannot produce a patent for it? Surely, possession in such a case gives the best right; and the demandant ought not to be allowed to disturb it, without shewing a complete title in himself.
*Suppose the tenants had produced a prior patent for lands lying in the county of Augusta, and insisted that the lands claimed were within the bounds of their patent, must not the jury have en-quired into the bounds of both patents, and determined whether the lands were included in either? And, if not included in either, what must have been their verdict? Could they have found for the demandant, who had no better title than the tenants? 'Surely not, for he could have no claim to a verdict, without shewing a title. But if the tenants may controvert the boundaries, where different patents are produced, without pleading non tenure, I see no reason why they may not do it in every other case. The difficulty arises on account of the judgment to be entered in such cases, as it is a bar to the demandant to sue the tenant again. This might have been provided for by the Legislature, when they were altering the mode of proceeding; but having omitted to do so, the legal consequences must take place.
If however the tenant does not chuse to enter into the controversy, respecting the title, or bounds, on the general issue, he may still plead non tenure in abatement, as the act does not forbid it. All the difference is, that a different judgment will be entered for the tenant in that case, if found for him, than would be entered on a joinder of the mise; and that the demandant may take issue on the non tenure, or discontinue .his suit as he sees proper.
Upon the whole, I am of opinion, that-the judgment of the District Court should be reversed; and that of the County Court affirmed.